**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 96-4063

DAVID RANDALL MOTSINGER,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
N. Carlton Tilley, Jr., District Judge.
(CR-95-113)

Submitted: January 31, 1997

Decided: February 12, 1997

Before HALL and MURNAGHAN, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Paul M. James, STOWERS & JAMES, P.A., Winston-Salem, North
Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney,
Scott P. Mebane, Assistant United States Attorney, Greensboro, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

David Randall Motsinger appeals from his conviction and sentence for conspiracy to possess with the intent to distribute marijuana in violation of 21 U.S.C. § 846(a)(1) (1994). We affirm.

Motsinger's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising five potentially meritorious issues:

> (1)  the district court abused its discretion in denying a motion for severance;
>
> (2)  the district court abused its discretion in denying a motion for additional peremptory challenges;
>
> (3)  Motsinger's Sixth Amendment right to counsel was violated by introduction of statements made to a co-defendant while they were confined in the same holding cell;
>
> (4)  the district court erroneously denied Motsinger's motion for judgment of acquittal under Fed. R. Crim. P. 29(c); and
>
> (5)  it was plain error for the district court to fail to instruct the jury with regard to multiple versus single conspiracies.

Motsinger himself raises an additional five issues:

> (6)  he received a sentence disproportionate in severity to that of higher ranking individuals within the conspiracy;

2

(7)  three witnesses have different recollections of how many air compressors were used to conceal an alleged shipment of 460 pounds of marijuana;

(8)  although the Government produced paperwork to prove another shipment of marijuana, it failed to produce any paperwork establishing the existence of the 460 pound shipment;

(9)  although the Government established the existence of phone calls between various members of the conspiracy, it was unable to prove that Motsinger had called anyone in the conspiracy other than the "avowed second in command;" and

(10) although the Government introduced taped conversations between the second in command and other conspirators, no tapes between this individual and Motsinger were introduced.

With regard to claims (1) and (2), we find no abuse of discretion. Addressing claim (3), we note that the district court conducted a hearing whereupon it found that the co-conspirator was not acting on behalf of the Government at the time he was in the holding cell with Motsinger. We find no clear error in this factual determination, and therefore, the admission of any statements which Motsinger volunteered or the co-conspirator elicited does not constitute a Sixth Amendment violation. Maine v. Moulton, 474 U.S. 159, 176 (1985) (stating that "the Sixth Amendment is not violated whenever"by luck or happenstance"the [Government] obtains incriminating statements from the accused after the right to counsel has attached").

Turning to claim (4), a denial of a motion for acquittal is reviewed under a sufficiency of evidence standard. Fed. R. Crim. P. 29; United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir. 1992). To sustain a conviction the evidence, when viewed in the light most favorable to the government, must be sufficient for a rational jury to have found the essential elements of the crime beyond a reasonable doubt. United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir. 1993); see Glasser v. United States, 315 U.S. 60, 80 (1942). A review of the trial transcripts

3

reveals ample evidence to support Motsinger's conviction under this standard. Given this determination, we also find claims (7) through (10), which amount to no more than a sufficiency of the evidence challenge, to be meritless.

Addressing claim (5), Motsinger's attorney concedes that because this issue is raised for the first time on appeal, it is reviewed for plain error. United States v. Olano, 507 U.S. 725 (1993). Motsinger explains that much of the evidence against him related to his participation in the theft of 287 pounds of marijuana from other members of the conspiracy. He argues that this theft, committed with the help of two other co-conspirators constituted a second, smaller and uncharged conspiracy because its goals ran counter to that of the overall conspiracy. From this premise, he argues that because much of the evidence presented against him related to the theft, the remaining evidence was insufficient to convict him of the larger, charged conspiracy and that the jury should have been instructed in single versus multiple conspiracies so that it would not consider evidence of the theft in determining his guilt or innocence of the larger charged offense. Even assuming Motsinger's newly raised theory of a second conspiracy to be a convincing one, and factoring out all testimony relating to the 287 pound theft, we find ample evidence to support Motsinger's conviction for the larger conspiracy and therefore find that even if the district court's failure to instruct the jury on multiple versus single conspiracies was erroneous, it did not constitute plain error as defined in Olano.

Finally, turning to claim (6), we note that any discrepancy between Motsinger's sentence and that of his higher ranking co-conspirators may possibly be explained by the fact these individuals either pled guilty or testified for the Government at the trial of the remaining conspirators. At any rate, sentencing courts are not required to consider the sentences of co-defendants. United States v. Foutz, 865 F.2d 617, 621 (4th Cir. 1989); see also United States v. Hayes, 589 F.2d 811, 827 (5th Cir. 1979) (stating that appellant"cannot rely upon the sentences which other defendants receive as any yardstick for his sentence"). Accordingly, we find no error.

Pursuant to Anders, this court has reviewed the record for potential error and has found none. Therefore, we affirm Motsinger's sentence

4

and conviction. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We deny counsel's pending motion to withdraw and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5